UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

TERRENCE JOHNSON,

               Plaintiff,                       Case No. 1:14-cv-1048

v.                                           Honorable Robert J. Jonker

UNKNOWN PART(Y)(IES) et al.,

               Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Terence Johnson presently is incarcerated with the Michigan Department of Corrections at the Marquette Branch Prison, however he appears to complain about events that took place while he was housed at the G. Robert Cotton Correctional Facility (JCF).  Plaintiff sues the following JCF personnel: Unknown Part(y)(ies); (Unknown) Jupin; (Unknown) Westein; (Unknown) Langley; (Unknown) Barrett; (Unknown) Oliver; Dr. Elwood Rodriguez and Unknown Party identified as Warden.

Plaintiff's amended complaint is partly hand-written and partly type-written. Plaintiff's handwriting is virtually incomprehensible.[1]  He appears to be complaining about not having enough funds in his prisoner trust account to make necessary copies.  However, it is unclear if Plaintiff is trying to explain to the Court why certain documents could not be copied and submitted to the Court, or whether he is trying to state a claim for violation of his right to access the courts. The type-written portion of Plaintiff's complaint while basically legible, is no more comprehensible. What is clear, however, is that the conduct Plaintiff is complaining about took place in 2007 and possibly 2008.  The factual allegations appear to have something to do with the response of MDOC employees, to threatening letters allegedly sent by Plaintiff to the person or person(s) who were

---

[1]Plaintiff filed his original complaint on October 2, 2014 (docket #1).  Shortly thereafter Plaintiff filed an incomprehensible twenty-two page, hand-written supplement to the complaint (docket #2), six multiple-page letters setting forth numerous factual allegations and requesting various orders from the court (docket ## 6, 8, 9, 10, 11, 14) and two supplements (docket ##12-13) to a motion that was never filed.  The Court ordered Plaintiff to file an amended complaint on the form (docket #15).  Plaintiff filed his amended complaint on May 11, 2015 (docket #28).  In addition to filing his amended complaint, Plaintiff also filed two motions to hold his case in abeyance (docket ## 24, 27), an emergency motion (docket #26), a 118-page hand-written supplement to the emergency motion (docket #29), a supplement to the complaint (docket #31) and a motion for discovery (docket #30).  To the extent it can be understood the supplement to the amended complaint is considered here.  The motions are addressed in a separate order.

taking care of his son.  As best as can be understood, all of the events surrounding the letters took place in 2007 and 2008.  Very little else can be gleaned from the complaint.

With respect to the supplement to the complaint (docket #31), Plaintiff appears to be complaining about a recent injury to another inmate which was caused by the inmate hitting an unpadded wall while playing in the prison gym.  Plaintiff also appears to be complaining about the conduct of one or more of his prison bunkmates.

## Discussion

I.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the

- 3 -

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[2]

---

[2]28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

Plaintiff's amended complaint is untimely.  He asserts claims arising in 2007 and 2008.  Plaintiff had reason to know of the "harms" done to him at the time they occurred.  Hence, his claims accrued in 2007 or 2008.  However, he did not file his complaint until October 2, 2014, well past Michigan's three-year limit.  Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated.  *See* MICH. COMP. LAWS § 600.5851(9).  Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations.  *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

Where "relief is barred by the statute of limitations, the complaint is subject to dismissal for failure to state a claim.  *Jones v. Bock*, 549 U.S. 199, 215 (2007).  Because his claims are time-bared, Plaintiff's complaint fails to state a claim.

Even if Plaintiff's complaint was not barred by the statute of limitations, it would have to be dismissed because the Court is unable to discern the allegations contained in Plaintiff's complaint sufficiently to allow the Court to identify potential claims that Plaintiff is attempting to raise.  While much of Plaintiff's writing is legible, the words do not form coherent sentences or convey clear thoughts.  Because the court is unable to decipher Plaintiff's prose, his complaint necessarily lacks an arguable basis either in law or fact.  *See Neitzke*, 490 U.S. at 395; *see also Parker v. Parker International/Parker Tobacco Company*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990).  Moreover, Plaintiff's complaint presents a variety of rambling and incoherent allegations, if they can be called that, in violation of the short-and-plain-statement requirement of

- 5 -

FED. R. CIV. P. 8.  Even giving the most liberal construction to Plaintiff's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is unable to find that a cause of action has been alleged.

Insofar as the supplement to the complaint can be understood, it fails to state any claim upon which relief may be granted.  To the extent Plaintiff is complaining about another prisoner's injury, he fails to state a claim.  Even assuming that the failure of the prison to pad the gym walls raised a constitutional claim, Plaintiff lacks standing to assert the constitutional rights of other prisoners.  *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992).  As a layman, Plaintiff may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners.  *See O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978).

To the extent Plaintiff is complaining about the conduct of another prisoner, he also fails to state a claim.  As previously discussed, to state a claim under 42 U.S.C. § 1983, a plaintiff must show that the deprivation was committed by a person acting under color of state law.  *West*, 487 U.S. at 48; *Dominguez*, 555 F.3d at 549; *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814.  There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself."  *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  Plaintiff has not presented any allegations by which the inmate's conduct could be fairly attributed to the State.  Accordingly, he fails to state a § 1983 claim against the other prisoner.

- 6 -

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


　　　　　/s/Robert J. Jonker　　　　　
　　　　　Robert J. Jonker
　　　　　Chief United States District Judge

Dated: August 5, 2015